IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORIENTAL FINANCIAL SERVICES CORP.;** **SEAN MILES BARBOSA**  **Petitioners**  v.  **EFM RETIREMENT PLAN UAD 12/19/11; EDWIN MIRANDA AND RICHELLY PEREZ, as trustees; FINANCIAL INDUSTRY REGULATORY AUTHORITY**  **Respondents** | **Civil No. 17-2176** |

## PETITION TO CONFIRM ARBITRATION AWARD

**TO THE HONORABLE COURT**:

**COMES NOW**, Petitioners, Oriental Financial Services Corp. ("OFS") and Sean Miles Barbosa ("Miles"), both of whom are jointly hereinafter referred to as "Petitioners", through the undersigned counsel, and respectfully state and pray as follows:

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This petition is filed pursuant to the Federal Arbitration Act of 1947 ("FAA"), as amended, 9 U.S.C. §§1 et seq. It seeks to confirm an arbitration award (hereinafter, the "Award") entered on September 2, 2016, notified to the parties on September 7, 2016, by the Financial Industry Regulatory Authority (hereinafter, "FINRA"). The Award results from a securities claim submitted to arbitration by EFM Retirement Plan UAD 12/19/11 ("EFM Retirement Plan") in FINRA Dispute Resolution Arbitration Number 14-01168 ("the Arbitration") against Petitioners. Particularly, Petitioners seek the expungement of any and all references to such

Arbitration from the registration records of co-petitioner Miles, as recommended in the Award. See Award in FINRA Arbitration Number 14-01168, attached hereto as Exhibit 1, pages 3-4.

2. According to FINRA Rule 2080, "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief."

3. This Honorable Court has jurisdiction over this action under 28 U.S.C. §1331, insofar as the underlying dispute is within federal question jurisdiction since it is grounded on federal securities laws, rules and regulations. See *Dean Witter Reynolds, Inc. v. Sanchez Espada*, 959 F. Supp. 73, 76 (D.P.R. 1997) ("because the underlying dispute involves claims under the Securities and Exchange Act, 15 U.S.C. § 78, the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331").

4. Venue is proper under the provisions of 9 U.S.C. § 9, given that this application is made to the United States District Court in which the award was made, and in which the events alleged or referred to in the Statement of Claim filed by Respondent in the Arbitration occurred.

## THE PARTIES

5. Petitioner, Oriental Financial Services Corp., is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with principal place of business in San Juan, Puerto Rico.

6. Petitioner Miles is currently employed in OFS and is a resident of San Juan, Puerto Rico. His Central Registration Depository ("CRD") number is 5294631.

7. Respondent EFM Retirement Plan initiated the Arbitration against Petitioners OFS and Miles. Edwin Miranda and Richelly Perez are its trustees and are residents of San Juan,

Puerto Rico. EFM Retirement Plan was organized under the laws of the Commonwealth of Puerto Rico.

8. FINRA, as an interested party, is an independent regulator for all securities firms doing business in the United States. Pursuant to FINRA Rule 2080, FINRA must be named as a party in a petition for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief, unless specifically waived in writing by FINRA. Accordingly, the Award relevant to this Petition advised that, unless specifically waived in writing by FINRA, the parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with the appropriate documents.

## FACTS

9. EFM Retirement Plan held a brokerage account at BBVA Securities of Puerto Rico, Inc., now OFS.[1]

10. Petitioner Miles was the supervisor of the broker who handled EFM Retirement Plan's brokerage account after BBVA Securities of Puerto Rico, Inc. and OFS merged on August 1, 2013.

11. In connection with the brokerage account, EFM Retirement Plan agreed to arbitrate any controversies concerning any transaction in the account before FINRA.

12. On April 9, 2014, EFM Retirement Plan filed a Statement of Claim before FINRA against OFS, Miles and other parties. EFM Retirement Plan complained about alleged unsuitable recommendations that led to overconcentration. See Statement of Claim, attached hereto as Exhibit 2.

---

[1] BBVA Securities of Puerto Rico, Inc. and OFS merged on August 1, 2013, with OFS as the surviving entity.

13. On June 11, 2014, OFS and Miles filed the Answer to Statement of Claim and denied any and all liability with respect to the allegations made in the Statement of Claim. See Answer to Statement of Claim, attached hereto as Exhibit 3.

14. Even though Miles was originally named a respondent in the Statement of Claim, EFM Retirement Plan filed a notice of voluntary dismissal in regards to Miles on September 29, 2015. See the notice of voluntary dismissal, attached hereto as Exhibit 4.

15. On March 31, 2016, OFS and EFM Retirement Plan reached a Confidential Settlement Agreement. Nevertheless, OFS requested that the case remain open in order for the Arbitrators to consider Miles' request for expungement. See Motion Requesting Expungement of Allegations Against Sean Miles, attached hereto as Exhibit 5.

16. After a telephonic hearing before the Arbitration Panel, the expungement of all references to the arbitration from non-party Miles from his registration records maintained by the CRD was recommended, subject to confirmation by a court with competent jurisdiction. See Award in FINRA Arbitration Number 14-01168. After considering the pleadings, the testimony at the hearing, the Settlement Agreement, Miles' Broker Check and other evidence presented, the Arbitration Panel concluded that:

> The claim, allegation, or information is factually impossible or clearly erroneous; and
>
> The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.
>
> The Panel has made the above Rule 2080 findings based on the following reasons:
>
> The investments in Claimant's account that are the subject of this dispute were made while the account was maintained by Respondent BBVA. Respondent Miles was never employed by Respondent BBVA. Respondent Miles' only involvement with the account, at the request of Claimant, was to help Claimant in the selling of investments previously purchased while Claimant had the account at BBVA. The

4

Panel found no wrongdoing on behalf of Respondent Miles while handling the account.

In making the above findings, the Panel considered: the pleadings submitted by the parties; the Motion Requesting Expungement of Allegations Against Sean Miles, including all exhibits; the sworn testimony of Respondent Miles, verifying the truth of facts set forth in his Motion Requesting Expungement and BrokerCheck report of Respondent Miles; and the parties' settlement agreement, including the amounts paid to any party, and all other terms and conditions of the settlement. The Panel notes that Respondent Miles was not a party to the settlement agreement and did not contribute to the settlement amount. Additionally, no party conditioned settlement upon an agreement not to oppose an expungement request.

17. Insofar as the recommendation for expungement is not enforceable without a court order, Petitioners hereby request that this Honorable Court confirm the Award and enter judgment accordingly directing the CRD system to expunge any and all references to the Arbitration from the CRD records of Miles (CRD No. 5294631).

## STANDARD FOR CONFIRMATION OF ARBITRATION AWARD

18. Section 2 of the Federal Arbitration Act ("FAA") states that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

19. The application of the FAA is not at issue. Here, the arbitration clause between OFS and EFM Retirement Plan is in writing and involves commerce. As such, they are within the scope and thus are governed by the FAA. See *Dialysis Access Ctr. LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 379 (1st Cir. 2011) (claims brought that are subject to an arbitration clause are governed by the FAA); *Protane Gas Co. of P.R. v. Sony Consumer Prods. Co.*, 613 F. Supp. 215, 217 (D.P.R. 1985) ("It is thus settled that the issue of arbitrability is a question of substantive

federal law and that federal law in terms of the Arbitration Act governs the issue in either the state or the federal court."). *Pérez v. UBS Fin. Servs. Inc.,* 2016 WL 5462808, at page 4 (D.P.R. Sept. 29, 2016).

20. The FAA "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, W, Inc. v. Jackson*, 561 U.S.63, 67 (2010). "Under the FAA, courts must treat arbitration agreements in the same way as other contracts and 'enforce them according to their terms.'" *Farnsworth v. Towboat Nantucket Sound, Inc.*, 790 F. 3d 90, 96 (1st Cir. 2015).

21. Where a party seeks confirmation of an arbitral award under Section 9 of the FAA, "'the court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.'" *Ortiz-Espinosa*, 852 F.3d at 42 (quoting *Hall St. Assocs.*, 552 U.S. at 582). There is therefore "nothing malleable about '*must grant,*' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (emphasis added).

22. In other words, this Court can only confirm the Award if it finds that there are no grounds to vacate or modify it—and indeed, the Court must confirm the Award in those circumstances.

23. Therefore, pursuant to Section 9 of the FAA, 9 U.S.C. §9, since the Award has not been, and can no longer be, vacated, modified, or corrected, Petitioners move this Honorable Court to confirm the Award issued by the FINRA Panel of Arbitrators on September 2, 2016, notified to the parties on September 7, 2016, and to enter Judgment accordingly, ordering the expungement of any and all references to the Arbitration from the CRD records of Miles (CRD No. 5294631).

**WHEREFORE**, Petitioners OFS and Miles respectfully request that this Honorable Court issue a Final Judgment confirming the FINRA Arbitration Award in its totality as requested in this action and as provided by the arbitration Award, and for such other or further relief the Court deems appropriate.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 5th day of September, 2017.

**DELGADO | FERNÁNDEZ, LLC**
PO Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750
Tel.  (787) 274-1414
Dir. (787) 523-5647
Fax: (787) 764-8241

s/Alfredo Fernández Martínez
**ALFREDO FERNÁNDEZ MARTÍNEZ**
USDC-PR #210511
afernandez@delgadofernandez.com

s/Pedro Hernández Freire
**PEDRO HERNÁNDEZ FREIRE**
USDC-PR #231702
phernandez@delgadofernandez.com