IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORIENTAL FINANCIAL SERVICES CORP.**, et al.<br><br>**Petitioners,**<br><br>v.<br><br>**EFM RETIREMENT PLAN UAD 12/19/11**, et al.<br><br>**Respondents.** | **CIVIL NO. 17-2176 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Petitioners Oriental Financial Services Corp. and Sean Warren Miles Barbosa seek confirmation of an arbitration award the Financial Industry Regulatory Authority ("FINRA") entered in connection with a securities claim that EFM Retirement Plan UAD 12/19/11 submitted for the benefit of Edwin F. Miranda-Reyes and his wife Richelly Pérez.[1] The award recommended expungement of any and all references to the arbitration from Miles' record in the Central Registration Depository (CRD # 2340356).[2] For the reasons stated below, the "Motion for Confirmation of Arbitration Award" (Docket No. 7) is GRANTED and the award CONFIRMED.

**I. BACKGROUND**

EFM initiated arbitration proceedings before FINRA against Oriental, Miles and other parties, complaining of unsuitable recommendations leading to overconcentration (Docket No. 1,

---

[1] In compliance with FINRA Rule 2080(b), FINRA was named as a party in the Petition (Docket No. 1 at ¶ 8). However, in a letter dated December 14, 2017, FINRA waived the right to be named as a party (Docket No. 5, Exh. 1) and was withdrawn from the case (Docket No. 6).

[2] The Depository contains the registration records of broker-dealer firms and their associated individuals, including their qualification, employment and disclosure histories, and facilitates the processing of form filings, fingerprint submissions, qualification exams and continuing education sessions (See, www.finra.org/industry/crd).

Exh. 2).[3] Oriental and Miles answered the claim, denying liability. Id., Exh. 3. Thereafter, EFM filed a notice of voluntary dismissal with respect to Miles (id., Exh. 4); Oriental and EFM reached a Confidential Settlement Agreement (id., Exhibit 1, p. 6); Miles requested expungement (id., Exhibit 5), which EFM did not oppose (id., Exhibit 1, p. 6); and the case remained open for the arbitrators to consider Miles' request. Id., Exhibit 1. Following a telephonic hearing, the Arbitration Panel found no wrongdoing by Miles and accordingly recommended expungement of references to the arbitration from Miles' registration records with CRD, subject to confirmation by a court with competent jurisdiction on the authority of FINRA Rule 2080. Id. at pp. 6-7. This case ensued.

## II. DISCUSSION

FINRA Rule 2080(a) states that "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief." To that end, Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, provides that an arbitration award can be confirmed by a court with jurisdiction. Id. at § 9.

Given that the underlying dispute is based on federal securities laws, rules and regulations, the court has federal question jurisdiction over the Petition. See, Dean Witter Reynolds, Inc. v. Sánchez-Espada, 959 F.Supp. 73, 76 (D.P.R. 1997)("because the underlying dispute involves claims under the Securities and Exchange Act, 15 U.S.C. § 78, the [c]ourt has federal question

---

[3] Oriental is a corporation organized and existing under the laws of Puerto Rico with principal place of business in San Juan, Puerto Rico. Miles, a resident of Puerto Rico, is currently employed with Oriental. He was the supervisor of the broker who handled EFM's brokerage account after BBVA Securities of Puerto Rico, Inc. merged with Oriental, with Oriental as the surviving entity.

jurisdiction pursuant to 28 U.S.C. § 1331"). Venue is proper, for a petition to confirm award may be made in the district in which the award was made. See, Exparte Popular Securities, 2013 WL 12212696 (D.P.R. February 12, 2013)(internal citations omitted)(so noting).

On the merits, no valid reason exists to deny Petitioner's request. The Petition was served upon respondents (Docket No. 4); no claim was made against them (Docket No. 1); and they did not oppose Miles' request for expungement before FINRA and have not opposed it here. Consequently, the "Motion for Confirmation of Arbitration Award" (Docket No. 7) is GRANTED and the award rendered by the FINRA Panel of Arbitrators at Docket No. 1, Exh. 1 is CONFIRMED. Expungement shall be made of any and all references to the Arbitration from the CRD records of Mr. Sean Miles Barbosa (CRD # 2340356). Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of August, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge